UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

THOMAS P. BUDNICK,        )
          Plaintiff   )
                          )
                          )
   v.                   )   Civil Action No. 05- 30115-MAP
                          )
                          )
CUMBERLAND FARMS, INC., et al.,   )
          Defendants  )

REPORT AND RECOMMENDATION FOR SUMMARY
DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e)[1]
May 23, 2005

NEIMAN, U.S.M.J.

Thomas P. Budnick ("Plaintiff"), proceeding pro se, has submitted for filing yet another complaint, this time against Cumberland Farms, Inc. and at least sixty other named and "unknown" defendants. Plaintiff's sixty-one page, rambling handwritten complaint lists a litany of perceived wrongs. Together with his complaint, Plaintiff has filed an application for leave to proceed *in forma pauperis*.[2]

---

[1] This matter has been referred to the court for a report and recommendation pursuant to District Judge Michael A. Ponsor's standing order of August 5, 2002. *See also* 28 U.S.C. § 636(b)(1)(B).

[2] It appears that the complaint was initially tendered on March 6, 2005, prior to Judge Ponsor's Standing Order of March 23, 2005, enjoining Plaintiff from submitting any additional complaints without first filing a written petition seeking leave to do so and complying with other terms and conditions. As described in previous actions, Plaintiff has attempted to file numerous complaints in recent years, practically all of which have been summarily or otherwise dismissed at the trial court level or abandoned soon after filing or on appeal. *See, e.g., Budnick v. Baybanks, Inc.*, 95cv30045-MAP; *Budnick v. Ajay Investigation*, 95cv30190-MAP; *Budnick v. Creamer*, 96cv30169-MAP; *Budnick v. Arrow Security Co.*, 00cv30133-KPN; *Budnick v. Hampden County House of Correction*,

The court has determined that Plaintiff is unable to pay the costs of commencing the action. Accordingly, leave to proceed *in forma pauperis* is granted pursuant to the provisions of 28 U.S.C. § 1915(a). However, summonses have not issued in order to allow the court to review Plaintiff's complaint to determine whether it satisfies the requirements of the federal *in forma pauperis* statute. For the reasons stated below, the court concludes that it does not.

I. BACKGROUND

As far as the court is able to discern, Plaintiff's complaint concerns "seven hundred (700) show cause hearings, chronologically filed, over a twenty-five (25) year period [which] have failed to come up for hearing in the Palmer Trial Court." The complaint goes on to mention a variety of incidents such as the following: "a highly sophisticated cam-corder with wide angle night vision"; "forty-five (45) judicial misconduct charges"; three dollars "dropped by [Appeals Judge] Edith Fine to prevent [Plaintiff] from having a show cause . . . hearing," as a result of which Plaintiff became depressed and "tried to lose himself by filing mining claims on the moon, Mars, Jupiter, Saturn, etc."; some of the defendants using Plaintiff's backyard as their private trash dump; his wrongful conviction for trespass; the belittling of his space "views" by psychiatrists; his mistreatment by a guard at Providence Hospital; his commitment to Bridgewater Hospital; his "efforts against the proposed little green men treaty"; his opinion that "the first nation to control the moon shall be the dominate [sic] military, social, political and economic powerhouse of the next century," his having been "almost

---

04cv30092-MAP; and *Budnick v. Tony Blair*, 05cv30058-MAP. Unfortunately, these complaints, usually meritless, demand untold hours of effort on the part of the court and those unfortunate enough to be caught in Plaintiff's sights.

'run-over' fifty (50) times" by certain of the defendants' drivers; his having won the Big Y Foods, Inc.'s backyard barbecue contest, but then having the event cancelled "because they didn't want to be associated with [Plaintiff's] Martian views"; the denial of his "applications for Martian Pathfinder trespass and Saturn moon Titan fly-overs"; an incident at the Log Cabin Banquet facility; and his lack of success seeking criminal charges with the Ludlow Police.

Plaintiff asks the court to consider news articles attached to the complaint to prove his credibility. He seeks charges of $50,000 from each defendant together with a variety of other monetary judgments amounting to several million dollars.

## II. STANDARD OF REVIEW

Section 1915 of Title 28 requires a federal court to dismiss an action brought thereunder if the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). Section 1915 also requires dismissal if the court is satisfied that the action is "frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). A claim "is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "Where the court has no subject matter jurisdiction there is 'no rational argument in law or fact' to support the claim for relief and the case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)." *Mobley v. Ryan*, 2000 WL 1898856, at *1 (N.D. Ill. Dec. 29, 2000) (citing *Jones v. Morris*, 777 F.2d 1277, 1279 (7th Cir. 1985)). *See Maldonado v. Maldonado*, 1997 WL 786585 (E.D. Pa. Dec. 11, 1997) (similar). *See also Bolden v. Mixa*, 2001 WL 1356133, at *1 (N.D. Ill. Oct. 31, 2001) (holding that where there is "no subject matter jurisdiction" *in forma pauperis* actions "must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)"). The Supreme Court has also held that courts may dismiss *in forma pauperis* complaints *sua sponte*

without notice if the claim is based on an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Forte v. Sullivan*, 935 F.2d 1, 3 (1st Cir. 1991) (quoting *Neitzke,* 490 U.S. at 327). *See also Street v. Fair*, 918 F.2d 269, 272 (1st Cir. 1990).

### III. DISCUSSION

The court will recommend that the complaint be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). In making this recommendation, the court is aware that the allegations in the complaint must be taken as true. *Estelle v. Gamble*, 429 U.S. 97 (1976). Moreover, the court has been careful in reviewing the allegations insofar as they are made by a pro se complainant. *See Haines v. Kerner*, 404 U.S. 519 (1972).

It is evident from the description of Plaintiff's claims that his complaint, like many of those he has attempted to file previously (see n. 2), is patently frivolous. Sadly, Plaintiff is seeking to redress a laundry list of lifetime slights and hurts by an ever expanding list of individuals, and judicial officers. Unfortunately for his cause, there is nothing in Plaintiff's prolix complaint justifying its being brought in this court. In short, it would be nearly impossible for any one defendant, let alone all of them, to answer or otherwise reasonably respond. Accordingly, the court once again will recommend that Plaintiff's complaint be summarily dismissed.

Three other points need to be made with respect to the particulars of Plaintiff's complaint. First, as Plaintiff has been reminded before, lower federal courts are without subject-matter jurisdiction to sit in direct review of state court decisions. *See Hill v. Town of Conway*, 193 F.3d 33, 34 (1st Cir. 1999); *Wang v. New Hampshire Bd. of Registration*, 55 F.3d 698, 703 (1st Cir. 1995). Second, to the extent Plaintiff asserts claims against various state court judges based on his dissatisfaction with the manner in

which they decided various of his cases, the doctrine of absolute judicial immunity requires dismissal. *See, e.g., Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Third, the various employees against whom Plaintiff also seems to make claims have quasi-absolute judicial immunity when they perform tasks that are an integral part of the judicial process. *See Gallas v. Supreme Court of Pennsylvania*, 211 F.3d 760, 772 (3rd Cir. 2000) (deputy court administrator); *Moore v. Brewster*, 96 F.3d 1240, 1245 (9th Cir. 1996) (law clerks); *Valdez v. City and County of Denver*, 878 F.2d 1285, 1288 (10th Cir. 1989) (officials assigned to carry out a judge's orders); *Mullis v. United States Bankr. Court for the Dist. of Nevada*, 828 F.2d 1385, 1390 (9th Cir. 1987) (clerks and deputy clerks).

IV. CONCLUSION

Insofar as Plaintiff's complaint fails to satisfy the requirements of 28 U.S.C. § 1915(e)(2), the court recommends that it be DISMISSED.[3]

DATED:  May 23, 2005

---

[3] Plaintiff is advised that under the provisions of Rule 3(b) of the Rules for United States Magistrates in the United States District Court for the District of Massachusetts, any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within ten (10) days** of the party's receipt of this Report and Recommendation. The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection. Plaintiff is further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation. *See Keating v. Secretary of Health & Human Services*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980). *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).

          /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge